# IN THE UNITED STATES DISTRICT COURT
## DISRTICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| Robbie Collins, | Civil Action No.: 6:18-cv-01491-RMG |
| Plaintiff, | |
| v. | |
| Warden C. Williams, M.C.I.; Byron Stirling, SCDC Director; and S. Williams, Grievance Coordinator, | **OPINION AND ORDER** |
| Defendants. | |

Before this Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 78) recommending that Defendant's motion for summary judgment (Dkt. No. 62) be granted. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and grants the Defendant's motion for summary judgment.

## I. Background

Plaintiff Robbie Collins is currently incarcerated at the Broad River Correctional Institution ("Broad River") in the custody of the South Carolina Department of Corrections ("SCDC"). (Dkt. No. 68-3 at 1.) Plaintiff's complaint brought four claims: denial of medical care, denial of outdoor recreation, freedom of religion, and denial of access to the grievance system. (Dkt. No. 11.) On November 13, 2018, the Court dismissed Plaintiff's claims for freedom of religion and access to the grievance system. (Dkt. No. 37.) Therefore, the only claims that remain are for the alleged denial of medical care and denial of outdoor recreation.

Plaintiff alleges that his ribs were broken on April 4, 2018, allegedly after being attacked by a group of inmates. (Dkt. No. 11 at 5.) A doctor ordered an x-ray and other treatment, but Plaintiff was transferred to McCormick Correctional Institution ("MCI") on April 10, 2018 before

1

receiving any treatment. (*Id.*) On April 10, 2018, Plaintiff visited health services at MCI, and the nurse allegedly told him to fill out a "sick-call request." (*Id.*) However, the following day, on April 11, 2018, Plaintiff was placed in the Restrictive Housing Unit ("RHU") after he approached Defendant Warden Williams and informed the Warden that he had a weapon. (*Id.*; Dkt. No. 62-2 at 6.) Plaintiff was restrained and a 12-inch long sharpened steel weapon was found in Plaintiff's waistband. (Dkt. No. 62-2 at 6 – 7.) Plaintiff remained in the RHU for approximately fifty (50 days) until his transfer to Broad River on May 31, 2018. (Dkt. No. 62-2 at ¶¶ 2, 5.) Petitioner alleges that while he was in the RHU he was also denied medical assistance or an x-ray for his previously broken ribs. (Dkt. Nos. 11 at 5; 68 at 2.)

Plaintiff additionally alleges that while he was in the RHU he was unlawfully denied outdoor recreation, and because of the denial he has received sores in his nose and other aches and pains. (Dkt. Nos. 11 at 5; 68 at 3.) The Defendant Warden, in an affidavit, asserted that on April 15, 2018, four days after Plaintiff was placed in lockdown, there was a riot at Lee Correctional Institution where seven inmates were killed. (Dkt. No. 62-2 at ¶ 6.) The incident was allegedly gang-related. (*Id.*) Therefore, SCDC instituted a system-wide lockdown, which Defendant instituted at MCI. (*Id.* at ¶¶ 7 – 8.) Because of the lockdown, no inmates at MCI, including Plaintiff, received outdoor recreation while Plaintiff was at MCI. (*Id.* at ¶ 8.)

Defendants filed this motion for summary judgment, and the Parties have since submitted a response, reply, and a sur-reply. (Dkt. Nos. 62, 68, 74, 75.) The Magistrate Judge recommended granting Defendants' motion. (Dkt. No. 78.) Plaintiff has not submitted objections.

II. **Legal Standard**

A. **Motion for Summary Judgment**

2

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in

3

part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Petitioner specifically objects to. Fed. R. Civ. P. 72(b)(2). Where Petitioner fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept. of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015) *citing Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff has not filed objections, and the R & R is reviewed for clear error.

### III. Discussion

As the Magistrate Judge correctly held, as the remaining claims regarding denial of medical care and denial of outdoor recreation relate solely to Defendant Warden Williams, Defendants Stirling and Byron Stirling and S. Williams were dismissed as Defendants with the Court's Order on the motion to dismiss. (Dkt. No. 37.) Regardless, for the reasons set forth below, the Defendants' are entitled to summary judgment on the remaining claims.

No Party has objected to the Magistrate Judge's recommendation finding that Defendants are not entitled to summary judgment on the issue of exhaustion as there is no indication that Plaintiff's grievances were handled by the Defendants or SCDC as a potential emergency grievance even though Plaintiff had identified his grievance as an emergency grievance. (Dkt. No. 1-2 at 5.) Therefore, the Court finds that Plaintiff has created a dispute of material fact regarding exhaustion.

4

Nonetheless, Plaintiff has failed to create a dispute of material fact regarding his claims for deliberate indifference to serious medical needs and denial of outside recreation and Defendants are entitled to summary judgment.

As explained by the Fourth Circuit:

> The Eighth Amendment prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes. [T]o make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials. The first prong is objective and requires that the deprivation be "sufficiently serious"; the second requires us to determine whether subjectively "the officials act[ed] with a sufficiently culpable state of mind."

*King v. Rubenstein*, 825 F.3d 206, 217 – 18 (4th Cir. 2016) (internal quotations and citations omitted). "Deliberate indifference is a high standard...officials evince deliberate indifference to a serious medical need by completely failing to consider an inmate's complaints or by acting intentionally to delay or deny the prisoner access to adequate medical care." *Bridges v. Keller*, 519 F. App'x 786, 787 (4th Cir. 2013). Mere disagreement "regarding the proper course of treatment provides no basis for relief." *Id.* Regarding supervisory personnel, to make out a claim for deliberate indifferent, a plaintiff must show that the supervisor either "failed promptly to provide an inmate with needed medical care," "deliberately interfered with the prison doctors' performance," or that the supervisor "tacitly authorized or were indifferent to the prison physicians' constitutional violations." *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990).

As correctly held by the Magistrate Judge, Plaintiff cannot meet that burden here. To begin, there is no evidence that the Warden was ever aware that Plaintiff required medical attention, and

5

none of the grievances indicate that they reached the Warden.[1] (Dkt. No. 1-2 at 1 – 6.) Furthermore, and most notably, the record evidence indicates that the Plaintiff received repeated medical attention, even while in the RHU at MCI, and was prescribed medication and exercises for his stated medical issues. (Dkt. No. 62-4 at 4 – 7.) Notably, Plaintiff's request for an x-ray was addressed by a registered nurse and signed off on by a physician, who noted that "not sure xray would be informative." (*Id.* at 6.) As held above, "[d]isagreement regarding the proper course of treatment provides no basis for relief," *Bridges*, 519 F. App'x at 787, and further the Warden "is not a medical professional a[nd] therefore he had a right to rely on the medical expertise of the professionals providing inmate care. *Wright v. Ozmint*, No. CA 2:07-2515-JFA-RSC, 2008 WL 4542915, at *5 (D.S.C. Oct. 7, 2008) *citing Miltier*, 896 F.2d at 854. Therefore, there is no dispute of material fact regarding Plaintiff's claim for deliberate indifference to serious medical needs and Defendants are entitled to summary judgment.

Plaintiff further failed to create any dispute of material fact regarding his claim for outdoor recreation. As above, to make out a claim challenging prison conditions under the Eight Amendment, Plaintiff must show "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). As the Magistrate Judge correctly held, Plaintiff can make out neither prong here. Notably, regarding "deliberate indifference," in a sworn affidavit the Warden indicated that Plaintiff was denied outdoor recreation, along with all other inmates, based on a statewide lockdown instituted after a deadly prison riot at another facility. Based on these concerns, the Court cannot find deliberate indifference. Further, courts have found that similar

---

[1] Some of the grievances contain a note by "S. Williams," (Dkt. Nos. 1-2 at 1 – 6), yet as noted by Plaintiff's amended complaint, this is the grievance coordinator and not the Warden. (Dkt. No. 11 at 2 – 3.)

lengths of denial of outdoor recreation, here fifty days, did not constitute a serious deprivation. *See Alexander v. Parks*, No. 7:17CV00524, 2019 WL 346425, at *12 (W.D. Va. Jan. 28, 2019) (forty-five denial of outdoor recreation not extreme deprivation); *Thomas v. Ramos,* 130 F.3d 754, 765 (7th Cir. 1997) (seventy days deprived out of cell exercise was not significant deprivation). Therefore, Plaintiff has failed to create a dispute of material fact regarding his claim for outdoor recreation and Defendants are entitled to summary judgment.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 78) as the Order of the Court and **GRANTS** Defendants' Motion for Summary Judgment (Dkt. No. 62).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 27, 2019
Charleston, South Carolina

7